UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CAUSE NUMBER 3:11-CR-148 RLM |
| | ) | |
| JEFFREY FARMER | ) | |

OPINION AND ORDER

Jeffrey Farmer's motion to suppress presents an issue not commonly seen: he challenges a seizure that occurred between two unchallenged searches. For the reasons that follow, the court denies Mr. Farmer's motion to suppress.

The facts necessary to decide this motion are not in dispute. Mr. Farmer was indicted on a charge of accessing with intent to view child pornography. Law enforcement authorities arrested him at his parents' Springfield, Illinois home, where he had been staying, on December 7, 2011. Some agents left with Mr. Farmer. Special Agent Michael Mitchell and Task Force Officer Ellen Price remained behind to speak with Tracy Farmer, Mr. Farmer's stepmother. Tracy Farmer provided child care in her residence, and small children were present. Tracy Farmer told Special Agent Mitchell that Mr. Farmer was staying in her daughter's bedroom, which the family used as a spare bedroom while the daughter was away at college. Others had stayed in the room before Mr. Farmer, the door was never locked, and Tracy Farmer had complete access, going in and out. Mrs. Farmer told the agents that Mr. Farmer had brought a laptop computer with him from Indiana, and that Mr. Farmer kept the laptop in the bedroom, but

she didn't know what he used it for. She couldn't see the screen when she came and went from the room. Mrs. Farmer said she had cleaned out two dresser drawers for Mr. Farmer.

Special Agent Mitchell asked if Mrs. Farmer would give consent for the agents to search the bedroom for electronic media, and he filled out a consent form for Mrs. Farmer to sign. Mrs. Farmer was uncomfortable signing the form because the form said that anything the search turned up could be used against her. Despite Special Agent Mitchell's efforts to reassure her, she said she wanted to speak to an attorney before signing the form. Mrs. Farmer called one attorney, who referred her to Sangamon County criminal defense attorney Peter Wise. Mrs. Farmer spoke with Mr. Wise and handed the phone to Special Agent Mitchell, who recognized Mr. Wise's voice and explained what was going and what was being requested. Mr. Wise said he saw no problem with that and that Mrs. Farmer most likely would give consent. Dennis Farmer (Jeffrey Farmer's father and Tracy Farmer's husband) arrived about then, and Tracy and Dennis Farmer both signed the consent form.

Dennis Farmer accompanied the agents into the bedroom. A closed ASUS laptop computer was sitting on the bed, and an MP3 player was on the bedside table. Most of the items in the room didn't appear to Special Agent Mitchell to belong to Mr. Farmer. Bags with clothing in them lay on the floor. Neither agent looked into any closed container.

Based on his 18 years of experience in investigating child pornography cases, Special Agent Mitchell had learned that offenders seem to become addicted to child pornography and want to have it with them. Based on that experience and his understanding that Mr. Farmer had engaged in sexual activity with multiple children and previously had child pornography on his computer (the offense for which he was being arrested), Special Agent Mitchell believed there was a strong probability that Mr. Farmer's laptop contained child pornography. Although he had no reason to think Dennis or Tracy Farmer would destroy evidence, Special Agent Mitchell knew of other cases in which evidence in computer media had been lost or destroyed, and he didn't want to take any chances of that happening. He and Task Force Officer Price took the laptop (and the MP3 player) with them when they left the residence.

On December 16 — nine days after the laptop was seized — Special Agent Mitchell and other agents obtained a search warrant for the laptop from a federal magistrate judge in Springfield. Mr. Farmer seeks to suppress what they found in that search.

Mr. Farmer doesn't challenge the warrantless search of the bedroom, which was supported by the homeowners' consent; nor does he directly challenge the search of the laptop conducted pursuant to the later-obtained search warrant. He challenges the laptop's seizure, which, he says, was supported neither by consent nor by a warrant. The Farmers' consent couldn't extend to seizure of the laptop, as Mr. Farmer sees it, because the agents knew the laptop belonged to someone

3

else. Dennis and Tracy Farmer had neither actual authority nor apparent authority to give the laptop to the agents, Mr. Farmer says. Instead of taking the laptop from the residence, Mr. Farmer says the agents should have left the laptop where it was, perhaps under guard, and gotten a warrant to seize and search the laptop.

The government finds some support in a decision of this court, United States v. Collins, 515 F. Supp. 2d 891 (N.D. Ind. 2007), that also involved family members' consent to agents' seizure of a computer used exclusively by the defendant (indeed, the family members delivered the computer to the agents). This court is reluctant to look to Collins for much support for decision in this case because the Collins court might have read too much into a case on which the Collins court's reasoning relied. In United States v. Rodriguez, 888 F.2d 591 (7th Cir. 1989), the defendant's wife had consented to a search of a janitor's room in which the defendant more or less resided. The court found the consent to search the room was valid but didn't extend to the searches conducted of a variety of closed boxes found in the janitor's room. The district court hadn't addressed the extent to which Mr. Rodriguez had privacy interests in the boxes, so the court of appeals remanded for further factfinding. In doing so, the court of appeals, in something of a parenthetical aside, alluded to the agents' right to seize things and containers they saw in the room:

> Because neither side focused on the containers at the evidentiary hearing, we shall remand the case so that Judge Aspen can take further evidence and make additional findings. The consent is

> adequate to justify looking at (and seizing) materials found on the "desk". It may well be that Rodriguez lacks any privacy interest in the contents of boxes containing union records. But opening the briefcase and the file box marked "Mike" is harder to justify, and unless new testimony demonstrates that Mrs. Rodriguez had apparent authority to consent to the opening of these containers, and did so, the evidence found in them must be suppressed.

888 F.2d at 524-525.

The defendant in Collins relied on Rodriguez when arguing that his family members had neither actual nor apparent authority to consent to the seizure of his computer. The Collins court properly rejected that argument; Rodriguez would prevent the family members from consenting to the search of the computer, but the family members hadn't purported to do that. United States v. Collins, 515 F. Supp. 2d at 902. But the Collins court extended its analysis of Rodriguez:

> *Rodriguez* taught that if a person has authority to consent to the search of a particular area, officers can search that area and seize existing closed-containers, even if the person giving consent to search the premises does not have authority to consent to the search of those closed containers. *Id.* ("The consent is adequate to justify looking at (and seizing) materials found on the 'desk.'"). Thus, under *Rodriguez*, if Brian or Ronda had authority to consent to the search of their home, then officers could search the home and seize the computer even if Ronda and Brian did not have authority over the computer.

Id.

This might be more weight than the two-word parenthetical can bear. The Collins court's statement of the law might be accurate, but if so, the statement of law must find support beyond Rodriguez.

5

A later decision of our court of appeals suggests that the law is too complex to be summarized in a two-word parenthetical. In United States v. James, 571 F.3d 707 (7th Cir. 2009), a suspected bank robber had left a safe at his mother's house. The mother called the police to come get the safe, led them to a closet in her home, and pointed inside. The police took the safe with them, got a search warrant to search inside the safe, and found a gun and evidence of large cash purchases. The defendant moved to suppress the safe's contents. The court of appeals affirmed the denial of the suppression motion because the mother had both actual and apparent authority to consent to the seizure. Id. at 714. Had the law been as straightforward as Rodriguez suggested, the analysis would have been much briefer: the consent to search the closet would have justified the seizure (though not a search) of what was found in the closet.

Simple possession of the premises in which the container is located doesn't create authority to consent to a search of the container. United States v. Salinas-Cano, 959 F.2d 861, 865 (10th Cir. 1992); United States v. Wilson, 536 F.2d 883, 884-885 (9th Cir. 1976). "Under the apparent authority type of third-party consent, the government must show that a reasonable person, with the same knowledge of the situation as that possessed by the government agent to whom consent was given, would reasonably believe that the third party had authority over the area to be searched." United States v. Basinski, 226 F.3d 829, 834 (7th Cir. 2000). But no one claims Dennis and Tracy Farmer gave consent to an electronic search of the laptop; the agents conducted that search pursuant to a

warrant. At issue here is a seizure of property, rather than a search of the property. See United States v. Jacobsen, 466 U.S. 109, 113 (1984) ("A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property.").

Mr. Farmer is correct that if the seizure's validity turns on Tracy and Dennis Farmer's apparent or actual authority to consent to the seizure, the seizure was improper. Nothing about the events in the Farmer residence that day justified any belief that Dennis or Tracy Farmer was authorized to turn the laptop over to anyone else. See United States v. James, 353 F.3d 606, 615 (8th Cir. 2003) ("It cannot be reasonable to rely on a certain theory of apparent authority, when the police themselves know what the consenting party's actual authority is—in this case, not to store the discs, but to destroy them. The standard of reasonableness is governed by what the law-enforcement officers know, not what the consenting party knows."). As the government noted at the suppression hearing, a seizure of property for future investigation needn't rely on someone's consent to the seizure.

Under appropriate circumstances, law enforcement authorities may seize closed containers to detain the container for a brief time while the authorities obtain a search warrant or pursue a limited course of investigation. Permissibility of a seizure without probable cause is determined by the rough template of Terry v. Ohio, 392 U.S. 1 (1968): if the officers had a reasonable belief that contraband is in the container, the importance of the governmental interest in the seizure is balanced against the nature and extent of the intrusion upon the Fourth

7

Amendment rights of the container's owner. United States v. Place, 462 U.S. 696, 704-706 (1983). This rule doesn't shelter the detention of Mr. Farmer's laptop, because the detention lasted far more than a brief time: the agents held this laptop for nine days before getting a search warrant; under concededly different circumstances, a 90-minute detention was deemed unreasonable in United States v. Place.

More than a brief detention of the container requires probable cause. United States v. $557,933.89, More or Less, in U.S. Funds, 287 F.3d 66, 87-89 (2d Cir. 2002). If an officer has probable cause to believe contraband is to be found in a container seen in plain view in the course of a constitutional search, the officer may seize it (though not open it) long enough for investigation (though not indefinitely), regardless of the Terry factors. Texas v. Brown, 460 U.S. 730 (1983); accord, United States v. Place, 462 U.S. at 701 ("Where law enforcement authorities have probable cause to believe that a container holds contraband or evidence of a crime, but have not secured a warrant, the Court has interpreted the Amendment to permit seizure of the property, pending issuance of a warrant to examine its contents, if the exigencies of the circumstances demand it or some other recognized exception to the warrant requirement is present."). If officers have probable cause to seize the container for investigation, they may remove it to another location to facilitate the investigation. *See, e.g.,* United States v. Lozano, 623 F.3d 1055, 1061 (9th Cir. 2010) (transportation of package from Barrow to Anchorage permissible).

Special Agent Mitchell and Task Force Officer Price had probable cause to seize Mr. Farmer's laptop. Given the confluence of Mr. Farmer's history (as Special Agent Mitchell understood it) of possessing child pornography on his computer, Mr. Farmer's having brought this particular laptop with him from Indiana, Mr. Farmer's history (as Special Agent Mitchell understood it) of past sexual interest in children (as demonstrated by actions), and Special Agent Mitchell's experience that consumers of child pornography ordinarily keep a supply nearby, and Mr. Farmer's having held the laptop at such an angle that Tracy Farmer never was able to see the screen as she came and went from the room Mr. Farmer was using, a person of reasonable prudent would have believed that the laptop contained child pornography.

Mr. Farmer didn't contend that the duration of the detention of the laptop rendered the detention unreasonable, so the court doesn't address the unexplained lapse of time between seizure and warrant. Mr. Farmer was in federal custody throughout those nine days, so his own detention would have impinged upon his right of access to his laptop.

Consent by persons with actual authority supported the search of the bedroom. Probable cause supported seizure of the laptop for a limited time for further investigation. A warrant supported the search of the laptop's contents. For all these reasons, the court DENIES the defendant's motion to suppress [Doc. No. 44].

SO ORDERED.

ENTERED:   August 20, 2012  

                              /s/ Robert L. Miller, Jr.  
                              Robert L. Miller, Jr., Judge
                              United States District Court